UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY CARTER, | Case No. 8:21-cv-01833-JWH(MAR) |
| Petitioner, | |
| v. | ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| L. MARTINEZ, | |
| Respondent. | |

1         Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for a Writ of 2 Habeas Corpus, the records on file, and the Final Report and Recommendation of the 3 United States Magistrate Judge.  The Court has engaged in <u>de novo</u> review of those 4 portions of the Report to which Petitioner has objected.  The Court **ACCEPTS** the 5 findings and recommendation of the Magistrate Judge, generally.

6         The Court recognizes that, in the Petition and the Objections, Petitioner raises 7 arguments based on state law, which were not explicitly addressed in the Final Report 8 and Recommendation.  First, Petitioner argues that his second trial violated state 9 double jeopardy principles, specifically as provided for under California Penal Code 10 § 1023 and as implemented under California Penal Code § 1382(a)(2). Dkt. 1 at 29-11 30; Dkt. 16 at 3 & 5-6.  In addition, Petitioner argues that his trial and appellate 12 counsel were ineffective, in part, for failing to raise in the state courts these state-law 13 double jeopardy arguments.  Dkt. 1 at 13, 18; Dkt. 16 at 3 & 6.  Finally, Petitioner 14 argues that his trial counsel was ineffective for failing to object to the trial court's 15 misapplication of California Penal Code § 1382(a)(2) in finding that Petitioner was 16 subject to retrial.  Dkt. 1 at 14; Dkt. 16 at 3.  Nevertheless, these arguments do not 17 entitle Petitioner to federal habeas corpus relief.

18         Petitioner's argument that his second trial violated state double jeopardy 19 principles is not cognizable on federal habeas review.  See <u>Estelle v. McGuire</u>, 502 20 U.S. 62, 67-68 (1991) (federal habeas relief is limited to addressing violations of 21 federal law and does not lie for errors of state law).  Although Petitioner's ineffective 22 assistance of counsel arguments based on the failure to raise state law issues in the 23 state courts are cognizable here, Petitioner has not shown that his second trial violated 24 either California Penal Code § 1023 or § 1382(a)(2), or any other provision of state 25 law.  Neither Petitioner's trial counsel nor his appellate counsel was ineffective for 26 failing to raise in the state courts meritless arguments based on these state law double 27 jeopardy arguments.  See <u>Juan H. v. Allen</u>, 408 F.3d 1262, 1273-74 (9th Cir. 2005) (as 28 amended) ("The California Court of Appeal was not objectively unreasonable in

holding that the performance of counsel did not fall below an "objective standard of reasonableness" on account of not raising this meritless objection."); see also Wildman v. Johnson, 261 F.3d 832, 840 (9th Cir. 2001) ("[Petitioner] cannot sustain his claim for ineffective assistance of appellate counsel because the issues he raises are without merit.").

For those reasons, the Court hereby **ORDERS** that Judgment shall be entered **DISMISSING** this action **with prejudice**.

**IT IS SO ORDERED.**

Dated: March 6, 2023

_____
HONORABLE JOHN W. HOLCOMB
United States District Judge